Douglass *v.* Reed.

## DOUGLASS *v.* REED.

PRACTICE—Suit on an award. Answer, setting up a judgment by way of set-off. The alleged copy of the record of the judgment, filed with the answer, was defective, in not reciting at length the pleadings and issues in the cause. There was no demurrer to the answer, nor motion to require a more complete record. The alleged judgment was rendered by the Court in which this cause was pending. This cause was submitted for trial by consent.

*Held,* That said answer was not so defective as that, under the circumstances, this Court should treat it as a nullity.

APPEAL from the *Steuben* Circuit Court.

*Per Curiam.*—Suit upon an award. Answer setting up a judgment by way of set-off. The answer purported to make a copy of the judgment a part of the answer. It alleged it to be in the Common Pleas of *Steuben* county; to have been rendered *October* 21, 1856; stated the amount of it, &c. A copy of a record containing the title of the cause, submission of it to the Court, and the judgment is made a part of the answer, but it shows no pleadings nor issue, except it recites that the issue being joined, &c. There was no demurrer to the answer, nor was there any motion for it to be made more certain, nor for a fuller transcript of the judgment. Issue of fact was joined, the cause tried, and judgment for the defendant. The evidence is of record. It is claimed that there should have been judgment for the plaintiff, *non obstante veredicto,* because the answer was a nullity for want of a complete transcript of the record of the judgment, which it set up. It was not an answer of former recovery, in which it would be necessary for the issues to appear, to show what had been tried. The judgment set up was in the custody of the Clerk of the Court, in which this cause was pending. The judgment appears to be upon a note. The parties may have appeared and submitted the cause by consent. We can

not say how much of the record may be absent. It shows the cause was submitted, on the part of both parties, by consent. We think the answer was not so defective as to be a nullity, and that a complete record might have been given in evidence under it, and the case thus have been fairly tried upon its merits. *Watts et al.* v. *Waddle*, 6 Peters (U. S.) Rep. p. 398.

The judgment is affirmed, with costs.

*A. Ellison*, for the appellant.